# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DONALD SMITH, DECEASED, by
GLORIA SMITH, Personal
Representative for the Estate of DONALD SMITH,

               CASE NO. 05-70760
 Plaintiff,          HON. LAWRENCE P. ZATKOFF

v.

THE UNITED STATES OF AMERICA,

 Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment. Defendant has responded and Plaintiff has replied to the response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiff's Motion for Partial Summary Judgment is DENIED.

## II. BACKGROUND

Plaintiff Gloria Smith filed the present Complaint on behalf of her deceased husband Donald Smith (hereinafter, "Mr. Smith") and pursuant to the Federal Tort Claims Act. Plaintiff asserts that Mr. Smith was taken to the VA hospital in Detroit on July 22, 2002, after complaining of breathing difficulties. In addition to this condition, Mr. Smith suffered from a number of other conditions: emphysema, hemoptysis (coughing up blood), hematuria (urinating blood), blood in the stool, anemia, falling hemoglobin/hematocrit, hypertension, diabetes, peripheral vascular disease, and heart disease.

After treating Mr. Smith in the emergency room, Dr. Wilma Henderson had a chest x-ray performed and had blood drawn for a laboratory analysis. Based on the radiologist's conclusion that the x-ray revealed "bilateral pulmonary infiltrates . . . involving mild and lower lung fields," and the finding that Mr. Smith's white blood cell count was elevated, Dr. Henderson diagnosed pneumonia. After Mr. Smith was given two inhalation treatments, he began to improve, and Dr. Henderson decided not to admit Mr. Smith. In her patient notes, Dr. Henderson stated:

> Physicians plan of care: Patients lab shows wbc 6.6, afebrile but cxr does show some small plural effusions with infiltrates/bullae; patient better 2 aerosol treatment; we have no beds currently; wife states patient is taken care of at home by assistant family members; will try PO Levoquin at this time; Albuterol NDI/Atrovent mdi; instructed if no better in 2-3 days, return for admission.

By the present Motion for Partial Summary Judgment, Plaintiff asserts that Dr. Henderson acted negligently by discharging Mr. Smith due to the lack of beds.

## III. LEGAL STANDARD

Summary judgment is appropriate only if the answers to the interrogatories, depositions,

admissions, and pleadings combined with the affidavits in support show that no genuine issue as to any material fact remains and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted). In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324. The non-moving party must do more than show that there is some metaphysical doubt as to the material facts. It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *See Moore v. Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

## IV.  ANALYSIS

By the present motion, Plaintiff asserts that Dr. Henderson discharged Mr. Smith because there were currently no beds at the hospital and that Dr. Henderson acted negligently in discharging

Mr. Smith for this reason. Defendant does not dispute that such a discharge would amount to negligence, but instead argues that Dr. Henderson did not act negligently in discharging Mr. Smith and that Dr. Henderson did not discharge Mr. Smith because of a lack of beds. Accordingly, the question before the Court is a simple one: did Dr. Henderson discharge Mr. Smith because there were no beds available? The Court finds that there is a genuine issue of material fact as to this question and that Plaintiff's Motion for Partial Summary Judgment should be denied.

In support of her argument, Plaintiff principally relies on the following from Dr. Henderson's patient notes:

> Physicians plan of care: Patients lab shows wbc 6.6, afebrile but cxr does show some small plural effusions with infiltrates/bullae; patient better 2 aerosol treatment; ***we have no beds currently***; wife states patient is taken care of at home by assistant family members; will try PO Levoquin at this time; Albuterol NDI/Atrovent mdi; instructed if no better in 2-3 days, return for admission. [emphasis added.]

Based on the statement "we have no beds currently," Plaintiff asserts that the plain meaning is clear: that Mr. Smith was not admitted to the hospital *because* there were no beds available for him. The Court disagrees with Plaintiff's interpretation. Instead, the Court finds that Dr. Henderson's statement that "we have no beds currently," merely indicates that there were currently no beds available. This statement does *not* indicate, however, that the lack of beds was the reason why Dr. Henderson chose to discharge Mr. Smith.

As further support for her assertion that Dr. Henderson discharged Mr. Smith because there were no beds available, Plaintiff offers her own testimony and the testimony of David Hawkins that at the time of Mr. Smith's discharge, Dr. Henderson told them that she was discharging Mr. Smith because there were no beds available.

Despite this testimony, Plaintiff's motion for summary judgment must fail based on the

4

deposition testimony of Dr. Henderson. Though admitting that she did not recall why she included the statement "we have no beds currently" in her patient notes, Dr. Henderson nevertheless clearly explained in her deposition testimony that the lack of beds was *not* the reason why she discharged Mr. Smith.

> Q. [By plaintiff's counsel] Why did you put in here we have no beds currently?
> A. To kind of paint the picture of the situation in the ER at that time, but I really don't know, per se, I mean, it really has no bearing on the case, per se.
> Q. You mean when you put in here we have no beds currently, and you put it into this patient's chart, you're saying that that has no relevance to him or his case?
> A. No, what I'm saying is, *it has no bearing on the final decision that I made*. As to why I particularly stated it, I can only imagine that I put it in there just to kind of paint the picture of the situation in the ER at the time. But I can't really say, because of the length of time, really what I was thinking at that time. [Emphasis added]

Defendant's Ex. 3, 140-41.

Plaintiff argues that Dr. Henderson's testimony is mere speculation and that the words "we have no beds currently" in her patient notes should be interpreted according to their plain meaning. While the Court agrees that Dr. Henderson speculated as to why she wrote the words "we have no beds currently" in her patient notes, the Court finds that Dr. Henderson's testimony is clear that the lack of beds had "no bearing on the final decision" that she made. Accordingly, there is a genuine issue of material fact as to whether Mr. Smith was discharged because of a lack of beds. For this reason, Plaintiff's Motion for Partial Summary Judgment should be denied.

## V. CONCLUSION

For the above reasons, the Court HEREBY DENIES Plaintiff's Motion for Partial Summary Judgment.

IT IS SO ORDERED.

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: February 13, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 13, 2006.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290