## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DONALD SMITH, Deceased, by
GLORIA SMITH, Personal Representative
for the Estate of DONALD SMITH,

                                        CASE NO. 05-70760

     Plaintiff,                          HON. LAWRENCE P. ZATKOFF

v.

THE UNITED STATES OF AMERICA,

     Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MOTION TO AMEND WITNESS LIST

### I. INTRODUCTION

This matter is before the Court on Defendant's March 3, 2006 Motion to Amend its Witness List. Plaintiff has responded and Defendant has replied to the response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion to Amend its Witness List is GRANTED.

### II. DISCUSSION

By its Motion, Defendant ("the Government") requests an extension of the December 30, 2005 witness list cut-off date. The Government seeks this extension in order to add two expert witnesses to its witness list: Dr. Stephen T. Smith, a cardiology expert, and James E. Tisdale, a pharmacology expert. The Government asserts that the addition of these two expert witnesses will

cause no prejudice to Plaintiff and that an extension of the witness list cut-off date would merely

correspond to the sixty day extension of the discovery cut-off date which the Court already granted.

By that extension, the Court extended the discovery cut-off date from January 15, 2006 until March

15, 2006.  The Government also refers the Court and the Plaintiff to the Civility Principles of the

Local Rules which state that counsel "will agree to reasonable requests for extensions of time and

for waiver of procedural formalities. . . ."

Plaintiff responds that the prejudice caused by an extension is "apparent and manifest."

Plaintiff's Response Brief, at 3.  In support, Plaintiff explains:

> Plaintiff and Plaintiff's counsel have worked diligently on this case in an effort to
> comply with the Court's Order and accommodate the Defense counsel's schedule.
> Plaintiff's strategy, which includes the selection of specialties within which experts
> are to be called, as well as the selection of specific experts is based in part upon a
> strategic plan given due consideration to the experts that Defendant will call as well
> as experts that the Defendant will not call.  The late addition of experts in specialties
> other than those listed by the Defense counsel in accordance with the Court Order,
> has a material affect upon Plaintiff and Plaintiff's counsel, and to state otherwise is
> simply not true.

*Id*. at 5-6.  The Court remains unconvinced.  The Court has already extended discovery by sixty days

and finds that a similar extension of the witness list cut-off deadline would not be prejudicial to

Plaintiff.

2

## III. CONCLUSION

For the above reasons, the Court HEREBY GRANTS Defendant's Motion to Amend its

Witness List and ORDERS it to do so within seven days of service of this ORDER.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff_____
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  March 28, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of
record by electronic or U.S. mail on March 28, 2006.

s/Marie E. Verlinde_____
Case Manager
(810) 984-3290

ENTRY OF THIS ORDER SHALL
NOT DELAY THE PROCEEDINGS
IN THE ABOVE MATTER IN
ANY MATTER WHATSOEVER

3